It is to be observed, however, that the plaintiffs have not brought the action against the next of kin of David, but against the next of kin of Mary. She came into possession of assets of David as his executrix, and, if she had not properly administered the estate, she would have been indebted to the estate, and liable to an action by a creditor. This being true, the liability was her debt; and the section distinctly authorizes an action against "the next of kin of an intestate * * * to recover, to the extent of the assets paid or distributed to them, for a debt of the decedent, upon which an action might have been maintained against the executor or administrator." But even if this action was not within the precise wording of the section, it was maintainable irrespective of statute. In 2 Rop. Leg. 439, it is said, "That a legatee, whether general, specific or residuary, is entitled to follow the assets, appears to be now settled." The author cites in his note, as authority, Hill v. Simpson, 7 Ves. 152, and McLeod v. Drummond, 17 Ves. 169, where the principle is announced. The judgment should be affirmed.

Judgment affirmed, with costs. All concur; BARTLETT, J., in result.

───────

(77 App. Div. 469.)

### FASY et ux. v. INTERNATIONAL NAV. CO.

(Supreme Court, Appellate Division, First Department. December 19, 1902.)

1. CARRIERS—BILL OF LADING—EVIDENCE OF DELIVERY.
    A bill of lading acknowledging the receipt of a trunk was evidence of its delivery to the carrier.
2. SAME—LOSS OF GOODS—BURDEN OF PROOF.
    Where a carrier, instead of delivering a trunk at the port as required by its contract, without giving the owner an opportunity to examine or take charge of it for the purpose of entry, sent it to the customhouse, and, after entry and release, forwarded it by an express company to the owner's address, it had the burden of showing that a loss therefrom did not occur while it was in its actual custody.
3. SAME—NEGLIGENCE—LIMITATION OF LIABILITY.
    A condition in a bill of lading limiting liability did not exempt the carrier from liability for negligence.
    Patterson and McLaughlin, JJ., dissenting.

Appeal from trial term, New York county.

Action by Alfred Fasy and wife against the International Navigation Company. From a judgment for plaintiffs and order denying motion for new trial, defendant appeals. Affirmed.

The following is the opinion of the court below (NASH, J.):

The defendant's bill of lading acknowledging the receipt of the trunk is evidence of the fact that it was delivered to the defendant's agent at Basle. By its terms the defendant agreed to deliver the trunk of effects in good order and condition at the port of New York with "the International Navigation Company of New York, for disposal of Dr. Wells," Richmond Hill, Long Island. The defendant was not required by its contract to deliver the trunk to Dr. Wells at Richmond Hill. It could have relieved itself of liability by the delivery of the trunk of effects to the consignee in New York in good order and condition, and upon tendering such delivery the question as to good order and condition, if raised by the plaintiffs, would

¶ 3. See Carriers, vol. 9, Cent. Dig. §§ 654, 699.

then have been determined, and, if not, the plaintiffs would have been concluded. The defendant did not do this. Its agent, without giving to the consignee, or the plaintiff Mrs. Wells, an opportunity to see or examine the trunk, or take it in charge for the purpose of entry, sent it to the customhouse, and after entry there and its release by brokers of its selection forwarded the trunk by an express company chosen by the defendant. The defendant thereby retained the entire control of the trunk, to the exclusion of the plaintiff, until it was finally delivered to her at Richmond Lill. The defendant in this manner made the express company it selected its agent for the purpose of the delivery of the trunk to the consignee, and, while the act of delivery was entirely voluntary, not being required by the contract, it deprived the plaintiffs of the right which they had to examine the trunk of effects at the place of delivery provided in the contract. It is fair, I think, to hold that the burden of proof was thereby shifted, and that the defendant was called upon to show whether or not the loss occurred while the trunk was in its actual custody. The evidence also fairly discloses the fact that the sealskin sacque was not in the trunk when delivered at the customhouse. The entry and fees then amounted to only $4.03, whereas the sacque was subject to a duty of 35 per cent. on its valuation of $180, the excess above $100, which it may be assumed would have been levied if the trunk had contained the sacque. It seems that the conditions of the bill of lading limiting the liability of the defendant cannot be regarded as exempting the defendant from liabilities for negligence. The Kensington, 22 Sup. Ct. 102, 46 L. Ed. 190. The loss must have occurred through negligence of the defendant's servants or agents if the sacque was taken from the trunk while in its custody. Motion for a new trial denied, with $10 costs.

N. B. Beecher, for appellant.
J. P. Osborne, for respondent.

PER CURIAM. Judgment and order affirmed, with costs, on opinion of NASH, J.

PATTERSON and McLAUGHLIN, JJ., dissent.

---

DELKOWSKY v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, First Department. January 23, 1903.)

1. STREET RAILROADS—INJURY TO CHILD— CROSSING TRACK — CONTRIBUTORY NEGLIGENCE—INTERVENING CAUSE.
   In an action against a street railway company for the killing of a child while attempting to cross the company's tracks, an instruction that, if the jury found the child was guilty of contributory negligence, the question remained whether defendant's driver, by the exercise of reasonable care and prudence, might have avoided the consequence of the child's negligence, was erroneous, where there was no intervening circumstance, and the only issues presented were the negligence of the defendant and the contributory negligence of the child with respect to one set of circumstances.

Appeal from trial term, New York county.
Action by Harris Delkowsky, as administrator, against the Dry Dock, East Broadway & Battery Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.